Rueetst, Judge.
 

 The Superior Court does not seem to have erred upon any of the points made in that court.
 

 The deed from
 
 Tanstal
 
 to the plaintiff is void.
 
 (Palmer
 
 v. Faucett,
 
 ante
 
 2
 
 vol.
 
 240.)
 

 The assignment by Tanstal, when ho took the oath of insolvency, did not pass the slaves ; for it was not by deed, and there was no delivery of possession nor price paid,
 

 The jury have found, that these slaves were not included in the schedule annexed to the deed to
 
 Pettaway
 
 of the 22d of February, 1826, which is signed by both
 
 'Tanstal
 
 and
 
 Pettaway,
 
 proved, and registered with the deed, and purports to set forth the “ names of the ne-groes contained in the deed of trust.”
 

 But it is here contended, that the judgment must be reversed, because th
 
 eft. fa.
 
 from August term, 1828, discharged the seizure made in the preceding January ; and consequently, that there was nothing upon which the
 
 venditioni exponas,
 
 under which the sale was made in January, 1829, could operate.
 

 That
 
 fi.fa.
 
 does not appear ever to have been delivered to the sheriff, or taken out of the office. The cases have not yet gone the length, that the mere making out of a
 
 fi.fa.
 
 in the office, not acted upon,nor even issued, shall amount to a waiver or discharge of a previous lien. It would seem unreasonable, that it should. But however that may be, we all think the point made does not arise in this case.
 

 
 *174
 
 An objection statement of the
 
 ore tema
 
 inci-af'butno^talcen in the court be-lieard'^bi^this court.
 

 uporTan appeal to this court are upon motions for a new trial, nameíy,ieSiU;Cif upon the whole case it is apparent the ver-diet is correct, the judgment will not be re-there may be er' ror in the point Tn other rejects they are similar tionsUS°feXCeP"
 

 The objection was not made in the court below, but for the first time, hero. It is not one arising out of the record itself; but out of the
 
 ore terms
 
 incidents atthe trial. .1 must repeat what was said on this subject in
 
 Hemphill
 
 v.
 
 Hemphill, (ante
 
 2
 
 vol.
 
 391.) Such points of this kind,as were raised below, and those only, can be h eard here. This is admitted to be so upon a bill of exceptions. But it is sa^’ ^ia^'
 
 oar
 
 cases are the acts of the court, and contain the whole case.
 

 There are, I grant, certain differences between a bill of exceptions and a case stated. The method of correcting the error pointed at in the former, is by writ of error; while, in virtue of our statute, those specified in the latter are reviewed upon appeal. Each bill of exceptions is confined to a single point; whereas .by our practice, many and distinct questions may be stated together. it may be, that there is this further diifercnce: that to a limited extent, our cases may be regarded as reports on rules tor a new trial. I suppose they are so, thus lar ari¿ n0 farther: that if the cause come here after a inotion for a new trial has been overruled, anti tiie case nia(je out appear to contain the whole case m ad o at the trial,
 
 lx
 
 • and fr om that it is clear, that at all events the verdict
 
 must
 
 ¡laye jK.en the same way, notwithstanding some wrong •" ° ° ground taken by the court, xt will not be disturbed. coup* *s *° §ave such judgment as tiie court below ought to give ; and if, upon the whole case, the appellant was J10^ to a verdict, nor to a now trial at the hands of the Superior Court, no more ought he get it ¡iere- ^ could, it would involve the anomaly, that the Superior Court was legally bound to give a judgment, which this court is legally bound to reverse. An example of this rule is found in
 
 Grice
 
 v.
 
 Ricks. (ante
 
 62) It was thought here, that the instructions actually given by the judge were erroneous. But the case likewise stated, that another point was made at the trial for the defendant, on which the judge gave no opinion ; and the whole case was set out, including the facts relevant as well to the one point as to the other. The jury found for the defendant, and the plaintiff moved for a new trial and
 
 *175
 
 appealed. Had the cause rested on the opinion given, this court must have reversed the judgment. Butitap-peared from the facts stated, that whether the ground taken by the judge was right or wrong, the verdict was right upon the other point — not, that the jury might have found for the defendant on that point, but that they were obliged so to ñnd ; because from a defect of proof the plaintiff had not made a case for a verdict under any circumstances, however the law might be upon the facts which he actually proved. If indeed wrong instructions be given, and it do not appear that they were necessari-' ly harmless, a new trial must
 
 follow;
 
 because the revising court cannot know, that the jury would or ought to have given the same verdict, had the directions been different. Of the application of this principle, the case of
 
 Tate
 
 v.
 
 Southard
 
 (1
 
 Hawks
 
 45) is an instance,, besides many others. But that is entirely opposed to a case, where obviously the jury ought at any rate to give the very verdict they have given, although different instructions had been delivered from the bench. It is a fair presumption, that the jury gave a proper verdict upon proper grounds. But were that presumption erroneous, there is yet no reason for disturbing a proper verdict— .
 
 ■which appears upon the whole case to be proper—
 
 because it was rendered upon a bad reason. This comes up to the observation of Lord Mansfield, in
 
 Summers
 
 v.
 
 Regem
 
 (
 
 Cowper
 
 502). Indeed, I suppose that were this a writ of error upon a technical bill of exceptions, and it appeared in the exception itself, that the
 
 appellant
 
 had
 
 no right,
 
 the court would affirm the judgment, though some error might have been committed, for which a reversal ■would have been awarded, had nothing else appeared. Much more may, and will such be the rule in our appeals, in which the case is argued as upon a motion for a new trial in the court below. Thus far, I think, our cases may be considered as reports on rules for a new trial : that the appellee may insist, that the verdict ought to stand, notwithstanding the error complained of, because, upon the whole, it was. right, and does the appellant no. injustice; and to that end, the appellee may ask other
 
 *176
 
 points made, by him, besides that on which the error is alleged by the appellant, to he stated in the case, accom-pan-C(j |jy |jip fa(qS) 0i, which they were raised. But in n0 caw, as j conceive, ought points to be heard here, at the instance of either party, which were not by him made below. For
 
 it is not
 
 true, that our
 
 cases
 
 are intended, or have been considered as
 
 generally
 
 setting out the
 
 whole case.
 
 They are not like a special verdict, or a case a~ greed ; in the former of which,
 
 all
 
 the facts aro found, and in the latter
 
 all
 
 admitted. Under the former organization of this court, only particular points of law crane here. They might be stated as abstract questions. The duty, as now enjoined, of-giving judgment upon the whole-record, does not- impose the necessity of reversing every judgment, to which is not appended a
 
 case
 
 proving it to be right. The case is in the pleadings and the verdict,
 
 prima fade.
 
 The sufficiency of the facts to support the verdict is presumed, until the contrary appear. And so of the law : proper instructions and right opinions must be taken- as having been given, unless the party specially object to some one given, or the judge refuse to give some one prayed which must be set down — whether by the counsel or the judge-is immaterial, provided it be- verified by insertion in the record, accompanied by a statement of such facts, as raised the point, to which the exception relates. Those facts, and those alone ought «' to bo inserted at the instance of the party appealing, who must be confined here to his exceptions. Were it otherwise, no party could ever hope to have a judgment affirmed, unless all the proof given in the cause and the whole charge of the court be spread on-the-record — a task, the labor and difficulty of which would be intolerable to the judge and bar, and an obstruction to the progress of business, amounting almost to a denial of justice. No facts are necessary, but those which are material to a question made in the course of the trial, or upon the judge’s charge. If facts, irrelevant to those points, be inserted, they cannot be attended to here. They cannot be used for any purpose, but that for which they were stated, namely, the point -appearing to have been made. This
 
 *177
 
 court cannot tell, what other facts might have been proved, which would repel their force as applicable to a point made here for the first time. As regards the appellant, at least, the whole case is not opened anew, upon the appeal to tliis court; but in general, our
 
 cases
 
 for appeals must be regarded as of the nature of bills of exceptions for specified errors.
 

 This reasoning will of coursc bc correctly confined to-the
 
 ore terms
 
 proceedings of the trial. All those arising-upon the pleadings, verdict and judgment — upon the re- ■ cord lightly speaking — may he taken anew here ; for but one language and one meaning can he found in them by all courts.
 

 In the case now before ns, the question on the discharge- or the continuing of the lien, created, by the seizure in January, 1828, was not made in the Superior Court. None of the facts stated can therefore be taken as stated, in reference to that question. When they are pressed here, for the first time, must wo not ask ourselves, whether we can be sure, that those were all the facts which appeared, touching the point now made ? It may have-been proved, that
 
 thejfieri facias
 
 from August, 1828, was made out by the clerk without the authority of the creditor; and'that he never took it out ofthe office : or, that having at first ordered it, he countermanded it, and never delivered it to the sheriff, nor sued it out: or the execution to Halifax mentioned in the return to the
 
 vendi-tioni exponas,,
 
 (to which- a part of the-money, raised by the sale, was applied,) may have been given in evidence, and been a sufficient authority to the sheriff. The questions made were not upon the authority of the sheriff to. sell
 
 Turistal's
 
 property. The whole dispute was, who-, tlier the slaves were
 
 2’unstaVs
 
 at all,;, so as to he liable to
 
 any
 
 execution that could issue on flic judgment in Bertie. The plaintiff cannot here, upon the facts stated to raise that question, allege that the judgment is erroneous, because those facts do not prove the-judgment right-upon the other point also; or indeed,.upon any other possible objection, that might be ingeniously started, if any particular matter be not excepted to, it must be taken.
 
 *178
 
 either that it was waived by the appellant, or that it was in the court below otherwise well and sufficiently answered or avoided. Any other rule would convert this court from one of revision to one of reversal
 
 ex necessitate.
 
 I am persuaded, it was created for a very different purpose. Our duty is to set aside verdicts, when they have been, or may have been the consequences of errors actually committed by the judge. But it is equally our duty to suppose, that verdicts do right between the parties, ( which presumption is much fortified when they are satisfactory to the judge who tried the cause, and who refused a new trial,) and to give judgment in accordance with them, unless they appear to be founded in error in law — which it lies on him who impeaches them to show.
 

 Per Curiam. — Judgment affirmed.